Daniel, J.
 

 The act of Assembly, cited in this case, declares that all marriages between free persons of color and white persons, shall be null and void. The Court, we think, very properly rejected the evidence offered of a marriage be
 
 *380
 
 tween these parties after the passage of the act. The licence issued by the Clerk was void ; and no person in this State, at the time mentioned, had a legal authority to solemnize the rites of marriage between the defendants,
 

 Secondly; the defendants moved in arrest of judgment, which motion was overruled by the Court. We have examined the indictment,and, although it appears to be very carelessly drawn, still we think that the
 
 second count
 
 in it is sufficient in law. The crime of fornication, as described in the act of Assembly, consists in “ a man taking a woman, or a woman a man into his or her house, and having one or more children without parting or an entire separation, or where they bed or cohabit together, they not being lawfully married.” The second countin the indictment charges that “Joel Fore unlawfully did take into
 
 Ms
 
 house one Susan Chesnut, and they did then and there have
 
 one or more cMldren,
 
 without parting or an entire separation, they the said Joel Fore and Susan Chesnut never having been lawfully married.”
 
 First,
 
 it is not stated in the indictment that Susan Chesnut is a woman or that Joel Fore is a man. As to Fore, we can see that a male is described, from the words “ did take into
 
 Ms
 
 house one Susan Chesnut;” the word
 
 Ms
 
 being a pronoun of the masculine gender. But it is not so easily seen that Susan Chesnut is a woman. It is a rule of law that all the facts and circumstances, which make up the body of an offence, must be stated in an indictment with sufficient certainty. The indictment ought to be certain to every intent, and without any intendment to the contrary. But if the sense be clear, and the charge sufficiently explicit to support itself, nice objections ought not to be regarded. 1
 
 Chitty’s Grim. L. 172. We
 
 admit that no latitude of intention can be allowed to include any thing more than is expressed. What is expressed here
 
 ?
 
 It is that Fore “ did take into his house one Susan Chesnut, and they did then and there have one or more children without parting or entire separation, they, the said Joel Fóre and Susan Chesnut having-never been lawfully married.” From what is expressed in the indictment, must not the Court necessarily see that Susan Chesnut is a woman ? We think that there cannot be anyintend
 
 *381
 
 ment fairly raised to the contrary. The statement in the indictmenffthat these parties “ had one or more children,” an averment that they had at least
 
 one
 
 child; and that is sufficient,
 
 first
 
 to establish the sex of the parties, and, secondly, to constitute the offence created by the Statute.
 

 There was, therefore, no error in the judgment of the Sit- • perior Court, which must be certified accordingly.
 

 Per Curiam, Ordered accordingly.