[No. 1585, January 10, 1914.]

STATE OF NEW MEXICO, Appellee, v. LOUIS ROBERTS and JOHN LUMPKIN, Appellants.

### SYLLABUS (BY THE COURT)

1. Where, in a prosecution instituted for a violation of sec. 79, C. L. 1897, the indictment charges that the defendants "then and there, unlawfully and feloniously did take, steal and knowingly drive away, etc.," the animal in question, it is not necessary to further allege that the owner was. thereby deprived of the immediate possession of the animal.

P. 483

2. The verdict of a jury will not be set aside on appeal when it is supported by substantial. evidence.

P. 485.

State v. Lumpkin, 18 N. M. 480.

3. Upon cross examination the State has the right to expose to the jury the relations existing between the witnesses testifying and the defendant, and the fact that the witnesses have been frequently used by the defendant to establish an alibi was proper to go to the jury for the purpose of weakening the evidence given by the witnesses on their direct examination.

P. 485

4. Evidence that a witness for the State expects to receive a reward upon conviction of the accused can properly be elicited upon cross examination of such witness for the purpose of showing his interest in the result of the prosecution.

P. 486.

5. Such witness, however, cannot be interrogated as to a reward offered for the arrest and conviction of parties other than the defendants, or in which the witness had no prospective interest.

P. 486.

6. Where, on cross examination, a witness is asked a question the answer to which calls for an explanation, the adverse party has the right, on redirect examination, to ask the witness to explain the same.

P. 487

Appeal from the District Court of San Miguel County; David J. Leahy, District Judge; affirmed.

C. H. HITTSON, Tucumcari, N. M., for appellants.

Indictment is defective for the reason that it does not allege that the owner was deprived of the possession of the animal in question. Alwin v. Morley, 108 Pac. 778; Territory v. Cortez, 103 Pac. 264.

Proof of ownership must be positive. 25 Cyc. 125; Schaubert v. State, 12 S. W. 732; Crockett v. State, 14 Tex. App. 226.

Identification of the parties accused should be positive and complete. People v. Ong Git, 111 Pac. 630; People v. Williams, et al., 242 Ill. 197; Moore on Facts, vol. II, page 1367, articles 1222-23-27.

An attempt to gain possession of the property, however persistent or continued, will not constitute larceny; there must be such a taking away of the property that the accused acquires complete dominion over it and supersedes the possession of the owner. Molton v. State, 53 Am. St. 97; State v. Rozeboom, 29 L. R. A. (N. S.) 37; Clark v. State, 128 S. W. 131; Hicks v. State, 28 S. E. 917; Edmonds v. State, 70 Ala. 8; Wolf v. State, 41 Ala. 412; Williams v. State, 63 Miss. 58; People v. Meyer, 17 Pac. 431.

Error in allowing the State to ask witness Bell about his having testified in behalf of the defendant Roberts at other times and in other cases, wherein Roberts was accused of the larceny of cattle. 6 Enc. of Ev. 145; Insurance Co. v. Mercantile Co., 13 N. M. 254; 3 Enc. of Ev. 13.

E. P. Davies, Assistant Attorney General, Santa Fe, N. M., for appellee.

The sufficiency of an indictment will not be considered, where the objection was not raised by demurrer or by motion to quash or in arrest. Sec. 79, C. L. 1897; Territory v. Church, 14 N. M. 226.

Formal defects in indictments are cured by plea and trial. Haynes v. U. S., 9 N. M. 519.

Exceptions to the decisions of the Court upon any matter of law arising during the progress of the trial must be made at the time of the decision. Sec. 37, ch. 57, Laws 1907; Territory v. Leslie, 106 Pac. 378; Territory v. O'Donnell, 4 N. M. 196; Territory v. Alarid, 106 Pac. 371; Territory v. Gonzales, 15 N. M. 30.

The Supreme Court will not attempt to usurp the province of the trial jury by weighing the evidence where the verdict is supported by substantial evidence. Territory v.

State v. Lumpkin, 18 N. M. 480.

O'Donnell, 4 N. M. 196; Territory v. Maxwell, 2 N. M. 250; Cunningham v. Springer, 13 N. M. 259.

Obtaining possession of the animal in question did not constitute larceny. Terr. v. Wilburn, 10 N. M. 402; State v. Jackson, 65 N. C. 305; Garris v. State, 35 Ga. 247; Harrison v. People, 50 N. Y. 518; Eckels v. State, 20 O. St. 508.

The extent to which cross-examination of a witness may be carried is largely a matter of discretion with the trial judge. Zane v. De Onativia, 73 Pac. 856; Sandell v. Sherman, 40 Pac. 493; Grimbly v. Harold, 57 Pac. 558; Insurance Co. v. Mercantile Co., 13 N. M. 256.

### OPINION OF THE COURT.

ROBERTS, C. J.—Omitting the formal parts, the indictment to which defendants pleaded not guilty, and upon which they were tried and convicted, reads as follows:

"That Louis Roberts, and John Lumpkin, late of the County of San Miguel, State of New Mexico, on the 28th day of July, in the year of Our Lord One Thousand Nine Hundred and Twelve, at the County of San Miguel aforesaid; one head of neat cattle of the value of fifteen dollars of the property of the Red River Valley Company, then and there being, unlawfully and feloniously did take, steal and knowingly drive away; contrary to the form of the statute, etc." Appellants contend that the indictment is defective and insufficient because of its failure to allege that the owner was deprived of the possession of the animals in question. The indictment was predicated upon sec. 79, C. L. 1897, which, in so far as pertinent, reads as follows:—

"Any person who shall steal, embezzle or knowingly kill, sell, drive, lead or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle, etc., 'shall be punished by imprisonment, etc.'"

The form of indictment herein was approved by the Territorial Supreme Court in the case of Territory v. Garcia, 12 N. M. 87, and has been generally employed in prosecutions under this section since that case was de-

cided. The point here raised, however, was not called to the attention of the Court in that case. The section quoted was enacted for the protection of stock upon the range and is much broader in its scope than the ordinary larceny statute.

"It enumerates three distinct crimes, viz:—1st, stealing of animals; 2nd, embezzlement of animals; and 3rd, knowingly killing or otherwise depriving the owners of animals of their immediate possession." Territory v. Cortez, 15 N. M. 92.

Under the third class it will be seen that it is a violation of the statute to knowingly kill, sell, drive, lead or ride away, or in any maner deprive the owner of the immediate possession of any neat cattle, etc. The last clause was inserted merely to cover any method or means which might be employed to deprive the owner of the immediate possession of an animal, not enumerated by the previous words employed, and in charging the offense it is not necessary to allege that the owner was deprived of the immediate possession of the animal, where one of the enumerated statutory words are employed, as in this indictment. Here it is alleged that the defendants unlawfully and feloniously did steal, take and drive away the animal in question. If they did this, necessarily the owner was deprived of the immediate possession of the animal, and such an allegation would have been merely a conclusion drawn from the facts previously stated.

"Facts and not conclusions must be averred in an indictment, but matters of necessary inference or conclusion from the facts averred need not be alleged." 22 Cyc. 303. The indictment was sufficient.

The appellants, in the third, fourth and fifth points of their brief contend (a) that the evidence as to the ownership of the animal in question was insufficient; (b) that there was not sufficient evidence as to the identity of the defendants, and, (c) the evidence was insufficient to prove the asportation of the animal. Upon each of these questions, however, there was substantial evidence, which, if

believed by the jury, warranted the verdict. It has been uniformly held in this jurisdiction that a verdict will not be set aside when it is supported by substantial evidence. Territory v. Trapp, 16 N. M. 700.

The defense interposed by appellants was an alibi, to substantiate which James Bell and J. W. Dickey were called as witnesses. Upon cross-examination the State asked Bell if he had not testified on behalf of Louis Roberts before, and if he was not surety on his bond, and if he had not theretofore been surety for him in criminal cases, all of which questions were answered in the affirmative. Dickey was asked how many times he had been used as a witness by defendant, Louis Roberts, to establish an alibi, in cases where Roberts was accused of stealing cattle, to which he answered "three times." The purpose of these questions was of course to show the friendly relations which existed between the witnesses and the accused, and to discredit their testimony, and for such purpose was clearly admissible. The State had the right to expose to the jury the relations existing between the witnesses and the defendants, and the fact that the witnesses had been frequently used by one of the defendants to establish an alibi, was proper to go to the jury for the purpose of weakening the evidence given by the witnesses on their direct examination.

"As a general rule any matter which tends either to elucidate or to discredit the testimony given by the witness is a proper subject of cross-examination. Accordingly a party has a right upon cross-examination to draw out anything which would tend to contradict, weaken, modify, or explain the evidence given by the witness on his direct examination, or any inference that may result from it tending to support in any degree the opposite side of the case." 40 Cyc. 2481; State v. McGahey, 3 N. D. 293.

Upon the trial one of the witnesses for the State was asked and answered the following questions, upon cross-examination:

"Q. Is it not a fact that you have personal knowledge that the Red River Cattle Company were at that time having a standing reward of a large amount of money for

the arrest and detection of these particular defendants for cattle stealing?

"A.   No, I did not know it.

"Q.   You had no knowledge of any reward that was offered as to these boys? ·

"A.   No, sir.

"Q.   Had you any knowledge ·of a general reward at that time for the detection, and arrest and punishment of any persons charged with cattle stealing from the Bell Ranch?"

To the last question an objection was interposed, which was sustained by the Court. This the appellants claim was prejudicial error.

Evidence that a witness for the State expected to receive a reward upon the conviction of the accused could properly be elicited on cross-examination of such witness, for the purpose of showing his interest in the result of the prosecution. The witness had stated that he had no knowledge of any reward offered as to these defendants. Let us suppose, that in answer to the excluded inquiry the witness had stated that the Company had a standing reward offered for the arrest and conviction of John Doe for cattle stealing. Would such fact have any bearing upon the issues being tried? Assuredly not. Again, from the evidence it appears that the witness was in the employ of the Company, and that he was acting under directions and in the line of his duty when he surprised the defendants in the act of driving away the animal in question. The fact that a reward ·might have been offered for the arrest and conviction of the defendants could not have influenced the witness to color or manufacture evidence, unless he came within the terms of the reward and expected to profit thereby. The excluded question, it will be seen, did not bring either the defendants or the witness within its terms, and was, therefore, properly excluded. Error cannot be predicated upon the exclusion of a question upon cross-examination, which does not appear to be material or relevant, and where no statement is made by counsel to the Court showing the materiality or relevancy of such question.

Error is also assigned because the Court permitted the State, upon re-direct examination, to ask a witness why he expected the defendants to appear, while he and another witness were watching for cattle thieves. The inquiry, however, was opened by the defendants in their cross-examination, when they asked the witness if he expected these defendants to appear while they were watching for thieves. The witness answered that he did.

**6** This fact having been brought out by the defendants, it was proper for the State to go further and show why the witness expected the defendants to appear.

Finding no error in the record, the judgment of the District Court is affirmed, and it is so ordered.

### SYLLABUS (BY THE COURT)

