State v. Bassett, 26 N. M. 477.

## STATE v. BASSETT.

[No. 2295.   Jan. 24, 1921.]

### SYLLABUS BY THE COURT.

Under section 1464, Code 1915, the gist of the offense is the intent to murder a quick child by means of aborting the mother. In a prosecution under this section, proof of other abortions upon women where the child has not quickened is not relevant, and should be excluded.

Appeal from District Court, Union County; Lieb, Judge.

William G. Bassett was convicted of murder in the second degree, and he appeals. Reversed and remanded, with directions to award new trial.

L. S. WILSON, of Raton, for appellant.

Evidence of other abortion was inadmissible. State v. De Masters, 90 N. W. 852; 1 Enc. Law 753; 16 Enc. Law 139; 12 Cyc. 409; People v. Willard, 28 Pac. 585; State v. Jefferies, 23 S. E. 163; People v. Brown, 106 N. W. 149; State v. Hilberg, 61 Pac. 215; State v. Neel, 65 Pac. 494; People v. Fowler, 62 N. W. 572; Wigmore, Vol. 2, Sec. 910-911; 30 Am. and Eng. Enc. of Law, 1133 (2d Ed.) ; Fine v. Interurban St. Ry. Co., 91 N. Y. Sup. 43-46; Fall Brook Coal Co. v. Brown, 52 N. E. 1095; 7 Enc. of Ev., 37; 40 Cyc. 2561; Sec. 1464, Code 1915; Evans v. People, 49 N. Y. 86;

C. A. HATCH, Asst. Atty. Gen., for the State.

Evidence of other abortions is admissible to show intent. 1 C. J. 320; People v. Hodge, 141 Mich. 312; 104; N. W. 599, 113 Am. St. R. 525; Com. v. Weaver, 61 Pa. Super. Ct. R. 571.

### OPINION OF THE COURT.

PARKER, J.   The appellant was tried and convicted of the crime of murder in the second degree under the provisions of section 1464, Code 1915, and sentenced to a term in the penitentiary. The appeal is from that judgment.

During the progress of the trial the court administered to counsel for appellant a severe reprimand in open court and in the presence of the jury sitting for the trial of the case. In view of the admissions in the brief of C. A. Hatch, Assistant Attorney General, that there was manifest error to the prejudice of the appellant in this transaction requiring a reversal of the cause, no discussion of that phase of the case will be necessary.

A proposition was involved at the trial which will arise if the case is again tried in the district court and counsel on both sides desire to have the same settled at this time.

The statute under which the appellant was prosecuted is as follows:

"Every person who shall administer to any woman pregnant with a quick child any medicine, drug or substance whatever, or shall use or employ any instrument or other means with intent thereby to destroy such child, unless the same shall have been necessary to preserve the life of such mother and shall have been advised by a physician to be necessary for such purpose, shall, in case the death of such child or such mother be thereby produced, be deemed guilty of murder in the second degree." Section 1464, Code 1915.

The witnesses for the prosecution were the girl upon whom an operation was performed by the appellant, resulting in abortion, and her mother. The prosecuting witness, the girl, testified that at the time the abortion occurred she was pregnant with quick child and that the pregnancy had progressed about six months. Appellant admitted that he aborted the woman, but that at the time she came to his sanatorium and he made his first examination of her the fetus was dead, and that it was necessary, in order to save her life and in accordance with correct medical practice, to remove the fetus with instruments, which he did. The prosecutrix further testified, over the objection of appellant, that some months later she again visited appellant's sanatorium and that he there performed another abortion upon her, in which case she had been pregnant about two months.

Strenuous objection was interposed throughout the trial to this testimony upon the ground that evidence of the second abortion was incompetent and highly prejudicial to the appellant. The district attorney explained to the court that this testimony was put forward to show the intent with which the appellant committed the first abortion upon the prosecuting witness.

The question is thus fairly presented as to when, and when not, in cases of this kind, evidence of other abortions is admissible in the prosecution for the given particular act. It is to be observed in this connection that the act of abortion is admitted by the appellant and the same is justified by him upon the ground that it was necessary in order to save the life of the mother. It therefore becomes a material inquiry to ascertain the true object and intent with which the appellant performed the operation upon the woman. The act itself is not conclusive of its character, and it may have been innocent or criminal, according to the facts.

The general rule is that when a man is put on trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that under ordinary circumstances proof of his guilt of other offenses must be excluded. 8 R. C. L. title "Criminal Law," § 194; 16 C. J. title "Criminal Law," § 1132; 1 Bishop's New Cr. Proc. § 1120. The reasons which underlie this rule are apparent and require no elucidation. The rule is founded in a natural sense of fairness and justice with which all peoples governed by the principles of the common law view the matter. The rule, however, is subject to several important exceptions, commonly socalled. They are not really exceptions, but are part of the rule itself. Whenever the proof of another act or crime tends to prove the guilt of the person on trial, it is admissible, notwithstanding the consequences to the defendant. The state has the right to show the guilt of the defendant by any relevant fact. That that fact may be the commission of another crime is immaterial. The so-called exceptions to the general

rule have been stated to be that where the proof of other acts or crimes tends to establish motive, intent, absence of a mistake or accident, a common scheme or plan, or the identity of the person charged with the commission of the crime on trial, it is admissible. See People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193; Wharton's Crim. Ev. § 48; Underhill on Evidence, § 58; Abbott's Trial Brief, Crim. Trials, § 598; 1 Bishop's New Crim. Pro. § 1126. The formula is somewhat differently stated in 8 R. C. L. title "Criminal Laws," §§ 195-201; 16 C. J. title "Criminal Law," §§ 1133-1141, and, as applied to a variety of crimes, section 1143 et esq.

These various statements of the so-called exceptions to the general rule are but statements that any evidence which tends to show the guilt of the person on trial is admissible, regardless of the fact that it may show the guilt of the defendant of another crime. If it is necessary or proper to show motive, intent, absence of mistake or accident, a common scheme or plan, the identity of the person charged, it is necessary or proper to show the same because it tends to show the guilt of the accused. In such cases other acts or crimes may be shown if they are relevant, regardless of their criminal character. This principle has been frequently applied in abortion cases. Thus in People v. Seaman, 107 Mich. 348, 65 N. W. 203, 61 Am. St. Rep. 326, the defendant was prosecuted for manslaughter effectuated by means of abortion; the woman having died. During the trial evidence was introduced by several witnesses concerning other abortions performed by the defendant upon other women. It is rather difficult for us to understand just how the court came to the conclusion it did in that case. The prosecution was under a statute identical in terms with ours, above quoted. A witness was allowed to testify that she gave birth to a child in the same house where the abortion was alleged to have been performed on the day preceding the entry into the house by the woman alleged to have been aborted. Just how the court could hold that this evidence was relevant it is

hard for us to understand. There was nothing illegal or improper in the fact that a woman gave birth to a child in the house where the deceased was subsequently aborted. The evidence may have been admitted to show the character of the house. Another witness testified that respondent operated upon her with instruments at this same house on the same day that the deceased woman entered the house, and that she (the witness) was 4 months gone at the time. Whether her child had quickened or not does not appear from the report of the case. Another witness was allowed to testify that the defendant operated on her at this same house about 7 months prior to the abortion upon the deceased woman and took from her (the witness) a 3½ months fetus, and that he operated on her again 4 months later and took from her a fetus 6 weeks old. In neither of the cases last mentioned by the witness did it appear that the child which was removed by means of an abortion had quickened when the abortion was performed. Nevertheless the court held, after a thorough examination of the cases, that this evidence was competent and admissible. It seems to us, however, that the court overlooked a vital consideration in so holding.

It is to be observed in this connection that the offense under our statute and under the Michigan statute is the murder of a quick child, still in its mother's womb, accomplished by means of the use of drugs or instruments upon the mother. If there is no quick child in the woman's womb when the abortion is resorted to, there is no crime under the statutes of this state, as they existed at the time of the occurrences in this case. How, then, could it be said that producing an abortion upon a woman pregnant, but when the fetus has not yet quickened, would tend in the remotest degree to show that a physician would deliberately commit murder of a quick child still in its mother's womb? The acts in the two cases are entirely distinct and dissimilar. One involves murder; the other involves nothing more than a disregard of the finer feelings of humanity with which the law, in the ab-

sence of statutory regulation is not concerned. If it had been shown in the Michigan case, or in the case at bar, that the defendant had aborted other women pregnant at the time with quick child, the evidence would undoubtedly be admissible. This would tend to show that the defendant, when he aborted the prosecutrix, in this case and in the Michigan case, intended to commit murder by the use of instruments upon the mother, and that he probably did not, as he testified in this case, abort this prosecutrix for the purpose of preserving her health or possibly her life. Other abortion cases in which evidence of this character has been admitted, without noticing the distinction here pointed out, are People v. Hodge, 141 Mich, 312, 104 N. W. 599, 113 Am. St. Rep. 525; Clark v. Commonwealth, 111 Ky. 443, 63 S. W. 740; State v. Brown, 26 Del. 499, 85 Atl. 797; Commonwealth v. Weaver, 61 Pa. Super. Ct. 571. See, also, 1 Wig on Ev. § 1143; Underhill C. Ev. § 345.

We hesitate to depart from what appears to be the current of authority upon the subject, but we cannot but be convinced that there is an entire lack of relevancy of the proof offered of the second abortion in this case. It did not tend to prove that the woman was aborted on the first occasion unnecessarily and when it amounted to the murder of a human being. As the conclusion reached on this point is exactly opposite from what we held in the original opinion, that opinion will be withdrawn from the files. For the reasons stated, we hold that the evidence of the second abortion was inadmissible and should be excluded upon any future trial.

For the reasons stated, the cause will be reversed and remanded, with directions to award a new trial; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.