[No. 2747.    Oct. 2, 1923.]

## STATE V. NEWMAN.

### SYLLABUS BY THE COURT

1.   An indictment drawn under subdivision (a) of chapter 69, Laws of 1921, and which undertakes to detail the facts constituting the crime, is insufficient if it fails to affirmatively charge that the appointment made with a female, the offer and agreement to receive her into an automobile, and of actually receiving her into such car, were done for the purpose of assignation as defined in such act.

2.   Such an indictment drawn under subdivision (f) of such statute is likewise insufficient if it fails to affirmatively charge that the taking and receiving of a female into an automobile, and of remaining therein with her, were done for the purposes of lewdness and assignation.

3.   An indictment which charges an offense in the general terms of the statute, followed by a detailed statement of the facts constituting such offense, from which it affirmatively appears that no violation has necessarily been committed, is defective.

4.   Where such an offense is so charged in the general terms of the statute, followed by a detailed statement of the facts constituting such offense, the prosecution is limited to establishing the facts so detailed.

5.   From an indictment which charges lewdness by placing the hand under the dress and upon the vulva of "her," the person named, it sufficiently appears that such person is a female.

6.   Where a crime is charged in the general terms of the statute to have been unlawfully and feloniously committed, and this is followed by a detailed statement of the facts constituting such crime, and such detailed statement is connected with such general charge by the language. "by then and there," there is but one crime charged, and the words "unlawfully and feloniously" become and are component parts of it, and such words are carried forward and made a part of such detailed facts; hence it is unnecessary to repeat them.

7.   An instruction which fails to advise the jury that before finding the defendant guilty they must find that he unlawfully and feloniously committed the acts charged is erroneous, as these are necessary elements of the offense charged.

8.   The interest and feeling of a witness, which indicate

bias or prejudice, are matters which affect his or her credibility. As such they are always material, and upon which a witness may be impeached.

Appeal from District Court, Otero County; Ed Mechem, Judge.

Lee Newman was convicted of offenses, and he appeals. Reversed and remanded for a new trial.

C. W. Croom, of El Paso, Texas, and Holt & Sutherland, of Las Cruces, for appellant.

The court erred in overruling demurrer to the first, sixth and seventh counts of the indictment. It was necessary to allege facts showing an appointment with the girls for the purpose proscribed by the statute. It was essential to aver, (a) that an appointment was made with the girls; (b) that it was made for the proscribed purpose or purposes; also (c) that defendant offered and agreed to receive the girls, and did receive them into the automobile for such proscribed purpose; and (d) that defendant unlawfully and feloniously committed such act or acts.

In addition to the identifying matter, the indictment shall charge against the defendant as fact, what satisfies every element which in law enters into the constitution of the offense. Bishop's New Criminal Law, Vol. II, Sec. 202.

The law never condemns without accusation. Id. Vol. I, Sec. 803.

If the offense is felonious under the statute, the indictment must say "feloniously." Bishop's New Criminal Procedure, Vol. II, Sec. 181; State v. Caldwell, 112 N. C. 854; State v. Bryan, 112 N. C. 848.

The indictment under the statute must set forth all affirmative facts which constitute a prima facie case. Bishop's New Criminal Procedure, Vol. I, Sec. 593.

All the ingredients which enter into the offense, whether set down in the statute in terms or interpreted into it, must be stated. Id. Sec. 612.

Statutory words, essential in the description of the offense, can not be omitted. Id. Sec. 618.

The criminal nature and degree of the offense must appear in the allegation. Also the particular facts and circumstances which render the defendant guilty of that offense. Id. Sec. 625.

The elements from interpretation of the statute must be just as much covered by the indictment as those in its words. Id. Sec. 626.

The court erred in overruling defendant's motion to discharge the jury and declare a mistrial by reason of intimidation of defendant's witnesses resulting from the arrest of one of defendant's witnesses in the presence of other witnesses for defendant who had not yet testified; such arrest occurring shortly after the arrested witness had retired from the stand. Defendant was entitled to a fair and impartial trial and to due process of law. He was denied his rights in the premises by the adverse ruling of the court upon his motion.

"The great object of their (courts) existence is the ascertainment of truth in its relations to the transactions of man, and this can only be done fairly and impartially when all persons having knowledge of the transactions inquire of, are brought or allowed to come before them for examination without let or hindrance from any one." 8 R. C. L. Sec. 346.

"Anything that hinders or influences a witness invades the province of the court to receive unbiased, unprejudiced and uninfluenced evidence, and constitutes to that extent an obstruction of justice." State v. Kayser, 25 N. M. ·245.

"Trial courts are charged with the duty and necessity of guarding their proceedings against everything which interferes, or tends to interfere, with the due and orderly administration of justice." Murphy v. Wright, (Ia.) 148 N. W. 985.

The cumulative sentences imposed upon appellant constitute a violation of his constitutional guaranty in Art. II, Sec. 15 of our Constitution. Stevens v. McClaughry, 207 Fed. 18; Hughes v. Commonwealth, 31 L. R. A. (N. S.) 693 (notes); Munson v. McClaughry, 42 L. R. A. (N. S.) 302; 16 C. J., section 3030, page 1280; Id. section 3093; State v. James, 62 S. E. 214;

Champion v. State, 160 S. W. 878; Bishop's New Criminal Law, volume 1, section 1078; Wilson v. Commonwealth, 82 S. W. 427; O'Brien v. McClaughry, 209 Fed. 816; Ulmer v. U. S., 219 Fed. 641; Ex parte Snow, 120 U. S. 274.

### In Reply.

In the case of Territory v. Meredith, 14 N. M. 288, the court held that an abuse of discretion by the trial court constituted reversible error. Such is the rule of law invoked by appellant in the case at bar.

"It has been held that children of tender years who are put upon the stand should not be asked leading questions, even where such questions would be permitted in case of adults, on the ground that they are much more likely to be misled, and to answer as suggested by the questions." Coons v. People, 99 Ill. 368; Jones on Evidence, Sec. 819; Greenleaf on Evidence (Redfield Ed.) 435.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

The trial court exercises a sound discretion in ruling upon motions for continuance, which the appellate court is loathe to overrule. Territory v. Padilla, 12 N. M. 1; Territory v. Lobato. 17 N. M. 666.

The asking of leading questions, especially in the testimony of young girls in cases of this kind, is within the discretion of the trial court. Territory v. Meredith, 14 N. M. 288-292.

The rule is well settled that a witness may be impeached upon statements made which show bias or interest; that such testimony does not fall within the rule that a witness may not be impeached on a collateral matter. Day v. Stickney, 14 Ill. 258; Johnson v. Wiley, 74 Ind. 239; Gillett on Indirect and Collateral Ev. 139, 631; Swygart v. Willard, 76 N. E. 755; Wigmore on Evidence, sections 879, 943, 949-952, 1001-1005; State v. Malmberg, 105 N. W. 614; 14 N. D. 523; Jones v. State, 37 Southern 390; 141 Ala. 55; State v. Matheson, 103 N. W. 137; 130 Ia. 440; 114 Amer. St. R. 427; Cook v. State (Ind.) 82 N. E. 1047, 1051.

We are inclined to believe that under the authorities the sentences imposed by the court upon the three counts should have been made to run concurrently. If this be the law, the judgment and sentence of the court, fixing the sentences to run consecutively, was not void, but can be modified by order of this court under the rules stated in Habeas Corpus, 18 N. M. 452.

OPINION OF THE COURT

BRATTON, J. Appellant was charged by indictment with violating the provisions of chapter 69, Laws of 1921, which is an act designed to repress prostitution, lewdness, and assignation. Section 1 of such act contains seven subdivisions, each of which prescribes a separate offense. The indictment in question contains seven counts, it being attempted to charge, by such separate counts, each and all of the offenses denounced by the statute. A demurrer was interposed which challenged the sufficiency of each count of the indictment. The trial court sustained such demurrer as to the second and fifth counts, and overruled it as to the remaining ones. The jury found the appellant guilty as charged in the first, sixth, and seventh counts, and failed to convict as to the third and fourth.

Pursuant to such verdict he was senteced to serve a term in the penitentiary of not less than 11 months nor more than one year upon each count, with the provision that such sentences should run consecutively. From such sentence this appeal has been perfected.

It is first urged by the appellant that the court erred in overruling his demurrer to the first count of the indictment which is in the following language:

"That Lee Newman, late of the county of Otero, state of New Mexico, on the 27th day of August, A. D. 1921, at the county and state aforesaid, did unlawfully and feloniously operate a certain automobile for the purpose of assignation by then and there making an appointment with Bonnie Lee McCommis, and offering and agreeing to receive into said automobile the said Bonnie Lee McCommis and by receiving into said automobile the said Bonnie Lee McCommis and one Bernadette Rogers, contrary to the form of the

statute in such case made and provided and against the peace and dignity of the state of New Mexico."

This charge is attempted to be laid under the provisions of section 1, subd. (a), of the act in question, by which it is made an offense "to keep, set up, maintain, or operate, any place, structure, building, or conveyance for the purpose of prostitution, lewdness, or assignation." By such demurrer this count was specifically attacked because it failed to charge the appointment, offer, or agreement was made, or the girls in question received into the automobile, for the purpose of assignation. The term "assignation," as used in the act in question, is defined in section 2 thereof as follows:

"That the term 'assignation' shall be construed to include the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement."

[1] It is clearly apparent that the indictment is insufficient in that it fails to charge that the acts of making the appointment with Bonnie Lee McCommis, of offering and agreeing to receive her into such automobile, and of receiving her and Bernadette Rogers into such car, were for any of the purposes named by the statute, to-wit, the making of an appointment or engagement for prostitution or lewdness, or any act in furtherance of such an appointment or engagement. The mere making of an appointment with a female, or the mere offering to receive and of actually receiving her into an automobile, is no crime under the statute. They must be made and done for prostitution or lewdness, and no such act is charged in the detailed facts contained in this indictment. After charging a crime in general terms, in the language of the statute, and then undertaking to detail the facts which constitute such crime, no crime is charged. The facts which it is charged constitute the crime are pleaded in this language:

"By then and there making an appointment with Bonnie

Lee McCommis, and offering and agreeing to receive into said automobile the said Bonnie Lee McCommis, and by receiving into said automobile the said Bonnie Lee McCommis and one Bernadette Rogers."

[**3, 4**]   Obviously this is no offense, and no crime whatever is committed, unless the acts were done for prostitution or lewdness or in furtherance of them— things which are not charged.   In this connection it is urged by the state that it was sufficient to charge a crime in the language of the statute.   If we concede this to be a correct statement of law, and which question we do not decide, it has no application here, because it runs counter to the general rule that, where an indictment undertakes to set forth the facts constituting the crime, and they affirmatively show no crime has been committed, such indictment is defective; this for the reason that under such circumstances the prosecution is limited to establishing the facts pleaded, and cannot go beyond them with its proof.   So that under this indictment the state could not go beyond merely proving that the appellant made an appointment with Bonnie Lee McCommis; that he offered and agreed to receive her into his automobile, and afterwards did receive her and Bernadette Rogers into such automobile, with no proof concerning the purpose of making such appointment or agreement, or of receiving said girls into said car.   This, manifestly, could not constitute a crime under a statute of this kind, the purpose of which is to repress prostitution, lewdness, or assignation.

In the case of Walt v. People, 46 Colo. 136, 104 Pac. 89, the information charged, in the general terms of the statute, an offense of keeping and maintaining an ill-governed and disorderly house, and then undertook to detail the facts constituting such offense.   It was contended by the appellants that such detailed facts did not constitute a violation of law, and that the prosecution was limited to such facts.   The court held that the prosecution was limited to the detailed facts, but that they did constitute an offense.   It said:

State v. Newman, 29 N. M. 106

"It is next argued that though the information charges, in the language of the statute, the keeping of a disorderly house, it further sets forth the specific acts constituting the disorder, and, having so pleaded, the people are bound thereby, and that such acts do not constitute said offense within the meaning of the law. That a plea which attempts to allege the specific facts constituting the crime must allege sufficient to establish the complete offense, admits of no argument. The rule, however, in no wise affects the information in question. Having charged the offense in the language of the statute, and set forth the specific acts constituting the disorder, the effect thereof was to limit the proof. Under the pleading the people would not be permitted to show that the house, was kept and maintained 'to the encouragement of gaming,' nor 'to the encouragement of fornication.' These are not specified in the information. Other elements constituting the offense are, and the proof must be and was, limited to them."

In State v. Mahan, 2 Ala. 340, the appellants were prosecuted for betting upon an election. By statute it was provided:

"Any person or persons, who shall make any bet, or wager of money, or any other valuable thing, upon any election or elections in this state, shall be guilty of a misdemeanor." Aiken's Dig. 209, § 49.

The indictment charged, in the general terms of the statute, that the appellants did on the 10th day of October, 1839, bet promissory notes upon the result of an election in that state. This was followed with a specification that such wager was made concerning an election held on the first Monday in August of that year for the election of a representative in Congress. The court held the indictment to be insufficient, because, if all the facts charged therein were true, no offense was set forth under the law which was designed to prevent any infringement upon the purity of the elective franchise, and that making a wager or bet upon an election after it had been held could not have this effect. It was there said:

"It is insisted, however, that under the allegations of this indictment the state might properly, and probably did, prove a betting by the defendants, previous to the time when the election was held. Whatever may have been the proof at the trial, the question now presented relates solely to the suffi-

ciency of the indictment; the defendants submit, that they are not amenable to punishment, if all the allegations of the charge are admitted to be true. In general, it is sufficient for the indictment to charge the offense in the terms of the statute, but if superfluous allegations are added, and these show a case not within the statute, the several allegations then become repugnant to each other, and the indictment is bad on demurrer. King v. Stephens et al., 5 East, 244.''

Again, in State v. Leonard, 171 Mo. 622, 71 S. W. 1017, 94 Am. St. Rep. 798, the appellant was charged with having in his possession a forged railroad ticket. The indictment set forth at length the forged instrument which showed that it contained an official date. Subsequently it was charged that he had, with intent to injure and defraud, altered, forged, and counterfeited by obliterating and erasing the official date on such ticket. The court held that the question presented was a broader one than merely treating such subsequent allegation of the indictment to be surplusage; that it constituted an admission on the part of the state of the facts which it relied upon for a conviction, and that such admission showed facts which did not constitute an offense; hence the indictment was defective. See, also, 31 C. J. page 700, § 249; 14 R. C. L. page 191, § 37, and cases there cited. So, in this case, if we should regard this as a mere admission, the result would be the same. By the facts which the state thereby admitted it relied upon for a conviction, it appears that they are not necessarily unlawful, and the prosecution being limited to establishing those facts, it follows that no crime was charged and no conviction could be had thereunder.

[2] The next error complained of is the overruling of appellant's demurrer to the sixth count of the indictment which seeks to charge a crime under section 1, subd. (f), of the statute in question, which makes it an offense ''to reside in, enter or remain in any place, structure, or building, or to enter or remain in any conveyance, for the purpose of prostitution, lewdness or assignation.'' This count of the indictment charges

that the appellant did unlawfully and feloniously enter and remain in an automobile for the purpose of lewdness and assignation. This general charge which follows the language of the statute is followed by a specification that such offense was committed by taking and receiving into and remaining in such car with Bonnie Lee McCommis and Bernadette Rogers. There is no charge that the purpose of taking and receiving said girls into such automobile and of remaining therein with them was for lewdness and assignation. It is charged that the appellant then and there well knew such were his purposes, but that is not an allegation of the fact itself, but rather one of knowledge on his part. So that what we have hereinbefore said with reference to the first count of the indictment is equally applicable and controlling here, and the demurrer should have been sustained as to both the first and sixth counts.

The seventh count of the indictment against which the appellant's demurrer was overruled, is in the following language:

"That he, the said Lee Newman, late of the county of Otero, state of New Mexico, on the 27th day of August. A. D. 1921, at the county and state aforesaid, did unlawfully and feloniously engage in lewdness with one Bonnie Lee McCommis by then and there placing his hand under the dress and upon the vulva of her, the said Bonnie Lee McCommis. contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of New Mexico."

[5] The first ground of the demurrer was that this count did not charge that Bonnie Lee McCommis was a female. While this is not charged in positive nor direct language, yet we think it is so clearly apparent that she is a female that the appellant could not be misguided. The word "vulva," as therein used, means the external opening of the female genital organs, and it could be found only upon the person of a female. This, added to the use of the pronoun "her," which denotes feminine gender, used in connection with the name of Bonnie Lee McCommis, clearly and indubitably indi-

cate and lead to the conclusion that she is a female. State v. Fore, 23 N. C. 378.

[6] . It is next argued that this count is defective because it fails to charge that the acts detailed therein were unlawfully and feloniously committed. In the beginning it is expressly charged, in the general language of the statute, that the appellant "did unlawfully and feloniously engage in lewdness with one Bonnie Lee Mc-Commis." This is followed with a detailed statement of the facts constituting such crime so previously charged. These are connected with the language "by then and there," which so connect the two as to make them refer to and mean one and the same crime, and to have again used such words would be mere repetition. The words "unlawfully and feloniously" under the circumstances become and are component parts of the one crime which is thus charged in general language, followed by specifications of the facts which constitute it. A quite similar question was involved in State v. Rice 149 Mo. 461, 51 S. W. 78, and it was there held that a repetition of such words was unnecessary. It is there said:

"It is also insisted that the indictment is bad, in that it fails to charge that with the bullet so shot out of the rifle the defendant 'then and there, feloniously, willfully,' etc., did strike, penetrate, and wound; in other words, that the words 'feloniously,' etc., previously alleged, are not connected with the mortal shot by the use of the words 'then and there.' The indictment alleges that 'the grand jury upon their oath present that Carroll M. Rice on the 27th day of June, 1898, at the county of Oregon, in and upon one Mary C. Rice, then and there feloniously, willfully, deliberately, premeditatedly, on purpose, and of his malice aforethought, did then and there shoot off and discharge at and upon her, the said Mary C. Rice, with the Winchester rifle aforesaid, loaded with the gunpowder and leaden balls aforesaid, and then and there giving to her, the said Mary C. Rice, with one of the leaden balls aforesaid, in and upon her, the said Mary C. Rice, and upon and in the left side of the body of her, the said Mary C. Rice, one mortal wound, of the breadth of two inches and of the depth of eight inches, of which said mortal wound the said While the indictment is rather inartistically drawn, it is not; Mary C. Rice at the time and place aforesaid instantly died.' we think, subject to the objection urged against it, as the

words 'feloniously,' etc., first alleged therein, are subsequently connected with the striking of the bullet, and its result. by the use of the very words, to wit, 'then and there,' etc., which defendant insists are necessary to make the indictment good. It would perhaps have been better had the word 'feloniously' been repeated next after the words 'then and there,' when used the second time in the indictment, so that it would read, 'then and there feloniously giving to her, the said Mary C. Rice, with one of the leaden bullets,' etc., 'one mortal wound'; but as the words 'feloniously' etc., as first alleged, are connected with the mortal shot by the words 'and then and there,' the words 'feloniously,'. etc., become component parts of the subsequent allegations, and connect them with the mortal shot, which is all that was necessary in order to make the indictment good.    State v. Herrell, 97 Mo. 105, 10 S. W. 387, and authorities cited; 3 Chit. Cr. Law (5th Am. Ed.) 738."

Again in St. Clair v. United States, 154 U. S. 134, 14 Sup. Ct. 1002, 38 L. Ed. 936, it was charged that the appellant did "piratically, willfully, feloniously, and with malice aforethought strike and beat the said Maurice Fitzgerald, then and there giving to the said Maurice Fitzgerald, several grievous, dangerous, and mortal wounds, and did then and there, to-wit, at the time and place last above mentioned, him the said Maurice Fitzgerald cast and throw from and out of the said vessel into the sea, and plunge, sink, and drown him the said Maurice Fitzgerald in the sea aforesaid; of which said mortal wounds, casting, throwing, plunging, sinking, and drowning the said Maurice Fitzgerald in and upon the high seas aforesaid, out of the jurisdiction of any particular state of the United States of America, then and there instantly died." It was urged that under such indictment the casting plunging, throwing, sinking, and drowning of deceased were not charged to have been done piratically, willfully, feloniously, and with malice aforethought.    The court held to the contrary, and said that to have repeated such words would have been too much repetition.    It was said that the use of the conjunctive "and" in connecting the first charge, namely, of striking and beating, with such subsequent charge of casting, throwing, and plunging, sinking, and drowning carried forward and made the words "piratically, unlawfully feloniously, and with malice afore-

thought,'' a part of the later elements of the crime.   It was there said:

"The only question that could arise as to the sufficiency of the indictment is suggested by the words 'and did then and there, to wit, at the time and place last above mentioned, him. the said Maurice Fitzgerald, cast and throw from and out of the said vessel into the sea, and plunge, sink, and drown him. the said Maurice Fitzgerald, in the sea aforesaid.' These words, it is said, do not necessarily import that the casting, and throwing the deceased into the sea was done willfully, feloniously,' and with malice aforethought. But they cannot properly be separated from those which show the nature and effect of the assault. The words immediately preceding show that the accused did 'then and there piratically, willfully, feloniously, and with malice aforethought, strike and beat the said Maurice Fitzgerald, then and there giving to the said Maurice Fitzgerald several grievous, dangerous, and mortal wounds.' The latter words and those first above quoted are connected by the conjunctive 'and,' and should be construed together; and so construed, it is clear that the words 'piratically, willfully, feloniously, and with malice aforethought, refer not only to the striking and beating of the deceased, whereby mortal wounds were inflicted upon him, but to the casting and throwing of him into the sea, whereby he was drowned. Any other rule of construction would compel the pleader to indulge in too much repetition."

We think, however, that the court erred in its instructions to the jury with reference to this count of the indictment, in this, that by such instructions the jury was not informed that the act of the appellant in placing his hand under the dress and upon the vulva of the said Bonnie Lee McCommis was unlawful and felonious.   The instructions by which this count was submitted, from which this omission is apparent, are as follows:

"The material allegations of the seventh count of the indictment necessary to be proven to your satisfaction beyond a reasonable doubt are that the defendant, Lee Newman, in the county of Otero, and state of New Mexico, on the 27th day of August, 1921, or at any other time within three years prior to the 7th day of January, 1922, the date the indictment was returned into court, engaged in lewdness with Bonnie Lee McCommis by then and there, placing his hand under the dress and upon the vulva of her, the said Bonnie Lee McCommis.

"The vulva is the external genitals of a female.

"If you believe from the evidence beyond a reasonable doubt that Lee Newman, the defendant, in the county of Otero, state of New Mexico, on the 27th day of August, 1921, or at any time within three years prior to the 7th day of January, 1922, the date the indictmtnt was returned into court, did engage in lewdness with Bonnie Lee McCommis, by then and there placing his hand under her dress and upon the vulva of her, the said Bonnie Lee McCommis, then you should find the defendant guilty as charged in the 7th count of the indictment."

[7] The court should have expressly limited this to unlawful and felonious acts of the appellant. It cannot be said that every such act is unlawful and felonious. To illustrate, a physician, in his professional capacity, as well as a trained nurse in her professional capacity, may do these things without violating the terms of this statute which is designed, as we have previously said herein, to repress prostitution, lewdness and assignation. Every act of placing the hand under the dress and upon the vulva of a female cannot be said to be necessarily and of itself a violation of such a statute, because it is not necessarily in the nature of lewdness. The court should have advised the jury that in order to convict the appellant they must find, beyond a reasonable doubt, that these acts were done by him unlawfully and feloniously, as such are necessary elements of the crime charged, and they are entirely omitted from the instruction. This was called to the attention of the trial court by exceptions timely made.

[8] Guadalupe Tinejara testified as a witness for the appellant that on the afternoon and evening of August 27, 1921, Ethel Jernigan and another woman did not ride in the car with the appellant and said witness. Ethel Jernigan, also a witness for the appellant, was, after appellant had rested, recalled for further cross-examination, during which she was asked if she had not, on the previous night, after leaving the witness stand told Leta Stewart that she, the said witness, had testified that she and the said Leta Stewart did not ride in the car with appellant on August 27, 1921, and if the said Leta Stewart was asked about the subject to

testify to the same thing. To this said witness testified that she did not recall such conversation. During the rebuttal the state was permitted, over objections of the appellant, to prove by said Leta Stewart that the wit: ness Ethel Jernigan did have such conversation, and did tell her such things. It is contended by the appellant that this constituted impeachment upon a collateral and immaterial issue. If this was the only purpose which the testimony served there would be merit in the contention, as the general rule is that a witness may not be impeached upon an immaterial issue. But this is not the only purpose of the evidence. It affected and tended to show the interest of the witness Ethel Jernigan, and to that extent affected her credibility. It reflected upon her attitude concerning the case. In fact, interviewing and urging another witness to testify to a certain fact, or in a given way, in order to benefit a party litigant, is perhaps the strongest indication of the feeling and interest of the witness. That this is never a collateral or immaterial matter, but is always a proper subject upon which a witness may be impeached, see State v. Kile 218 Pac. 347, recently decided by us. and not yet officially reported, wherein we said:

"The cross-examination of this witness covered a wide field. Much of the same was devoted to matters reflecting upon her attitude toward the case and her bias, prejudice, and feeling toward the deceased. This was proper cross-examination, and the witness was properly impeached as to such matters. That such matters are not collateral, see 2 Wig. Ev. (2d Ed.) § 1022; 5 Jones, Ev., §§ 828, 829."

Many other errors are assigned, but most, if not all, of them relate to matters which will perhaps not occur upon a subsequent trial, and hence it is unnecessary to decide them. The seventh being the only count remaining in the indictment, the cause must be reversed and remanded, with directions to award the appellant a new trial thereon; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.