580 P.2d 138

STATE of New Mexico,
Plaintiff-Appellee,

v.

Sammie Joe LOVATO,
Defendant-Appellant.

No. 3240.

Court of Appeals of New Mexico.

March 14, 1978.

Writ of Certiorari Denied, June 1, 1978.

Robert H. Scott, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., John J. Duran, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Leyba was shot outside the door of a bar; he died from the wound. Defendant was convicted of second degree murder in connection with the killing. His appeal involves: (1) admission of a witness' prior consistent statement; (2) payment of a monetary reward to a witness; and (3) evidence of the motive of a witness.

The witness was Patricia Duran. She lived with defendant from March, 1974 until July, 1976. The killing occurred in June, 1975. In October, 1976 Duran informed the Crime Stoppers Program in Albuquerque that defendant did the killing. Her report was in a telephone conversation which was recorded. A transcript of the conversation was used at the trial and the transcript was admitted as an exhibit. Subsequent to Duran's telephone report, she signed a written statement concerning the killing. The written statement was also in October, 1976.

### Prior Consistent Statement

■ Defendant complains of the admission of Duran's written statement. It was properly admitted. A substantial portion of defendant's cross-examination of Duran, particularly the cross-examination concerning the telephone report, implied that Duran's trial testimony was a recent fabrication. In these circumstances the admission of Duran's written statement, consistent with her trial testimony, was proper under Evidence Rule 801(d)(1)(B). *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977).

### Monetary Reward

Duran testified that after giving a signed written statement and after testifying before the grand jury she was paid $1,000.00 by the Crime Stoppers Program. She also testified that she expected to be paid an additional $1,000.00 if, after testifying at the trial, a conviction resulted. Officer MacAleese confirmed Duran's expectation concerning the additional $1,000.00. See *State v. Roberts,* 18 N.M. 480, 138 P. 208 (1914).

Defendant claims that fundamental error occurred because "a lawyer shall not pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of his testimony or the outcome of the case." See Code of Professional Responsibility, Canon 7–109(C).

Defendant asserts the district attorney acquiesced in the payment of $1,000.00 for Duran's grand jury testimony and acquiesced in the arrangement to pay an additional $1,000.00 if a conviction resulted.

■ Officer MacAleese testified that any monetary rewards paid to Duran would be in accordance with the standards of the Crime Stoppers Program operated by the police department; he was not asked as to the standards for payment. Thus, we have insufficient facts to determine on what basis the monetary rewards are paid. Assuming payments are made contingent either on the content of testimony or the outcome of a case, there is nothing indicating the district attorney has anything to do with the Crime Stoppers Program. Thus, there is nothing indicating the district attorney's assent or tacit acceptance of the payments was in anyway involved. There is no factual basis for a claim of error.

### Evidence of Motive of a Witness

Defendant was permitted to cross-examine Duran concerning specific instances of conduct for the purpose of attacking her credibility. Evidence Rule 608(b). Defendant sought, but was not permitted, to cross-examine Duran concerning some additional conduct. Defendant argued that the additional cross-examination was directed to

motive and was something apart from an attack on Duran's character. In addition, defendant sought, but was not permitted, to introduce the testimony of two witnesses concerning the additional conduct. Defendant argued that the proffered extrinsic evidence was admissible as proof of motive under Evidence Rule 404(b).

What is the basis for admitting motive testimony?

■ Evidence Rule 611(b) states that a witness may be cross-examined on any matter relevant to any issue in the case. If the motive of a witness is relevant to an issue, cross-examination to establish that motive is permissible under this rule.

Evidence Rule 404(b) reads:

*Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Although this rule authorizes the admission of motive testimony (subject however to the balancing requirement of Evidence Rule 403, see *State v. Day,* 577 P.2d 878 (Ct.App.) decided February 7, 1978), the question is *whose* motive? Does this rule apply to non-party witnesses? Our decisions concerning Evidence Rule 404(b) have involved the motive of a defendant in a criminal case. *State v. Hogervorst,* 90 N.M. 580, 566 P.2d 828 (Ct.App.1977); *State v. Ross,* 88 N.M. 1, 536 P.2d 265 (Ct.App.1975); *State v. McCallum,* 87 N.M. 459, 535 P.2d 1085 (Ct.App.1975).

As worded, Evidence Rule 404(b) is very similar to the rule which existed in New Mexico prior to adoption of the rules of evidence. *State v. Marquez,* 87 N.M. 57, 529 P.2d 283 (Ct.App.1974). *State v. Bassett,* 26 N.M. 476, 194 P. 867 (1921) limited the proof admissible under what is now Evidence Rule 404(b) to proof against a defendant in a criminal case. "If it is necessary or proper to show motive, intent, absence of mistake or accident, a common scheme or plan, the identity of the person charged, it is necessary or proper to show the same because it tends to show the guilt of the accused."

The fact that the equivalent of Evidence Rule 404(b) applied only to a defendant in a criminal case prior to the adoption of the rules of evidence does not, of course, show that the rule was not broadened in adopting the rules of evidence. As worded, Evidence Rule 404(b) is not limited to criminal case defendants. However, the discussion of Evidence Rule 404(b) by recognized authorities is limited to the applicability of the rule against criminal defendants. See 2 Weinstein's Evidence, ¶ 404[08] to [10] (1977); 10 Moore's Federal Practice, § 404.21 (2d ed. 1976).

In light of the foregoing, it would seem that if New Mexico intended to permit extrinsic evidence against a witness, not a criminal defendant, on the various grounds stated in Evidence Rule 404(b), such permission would have been explicitly stated. However, we do not decide whether extrinsic testimony as to the motive of a non-party witness is admissible under Evidence Rule 404(b). It is unnecessary to do so. Other authority permits such testimony, and such authority is not contrary to the evidence rules.

■■ The motive testimony sought to be introduced was evidence of a motive to testify falsely. Such evidence is akin to evidence of a witness' bias or prejudice. Extrinsic evidence of this type is admissible. *State v. White,* 58 N.M. 324, 270 P.2d 727 (1954); *State v. Newman,* 29 N.M. 106, 219 P. 794 (1923); *State v. Kile,* 29 N.M. 55, 218 P. 347 (1923). Extrinsic evidence of a motive of a witness to testify falsely was approved in *United States v. Lester,* 248 F.2d 329 (2d Cir. 1957); see *Foster v. United States,* 282 F.2d 222 (10th Cir. 1960). Further, a witness may be cross-examined as to such a motive. *United States v. Masino,* 275 F.2d 129 (2d Cir. 1960); *People v. James,* 56 Cal.App.3d 876, 128 Cal.Rptr. 733 (1976); *State v. Anonymous,* 34 Conn.Sup. 527, 374 A.2d 568 (1977).

Defendant was correct in urging that he could cross-examine the witness as to a motive to testify falsely and could introduce extrinsic evidence which showed such a motive. Yet, if the asserted motive evidence was in fact no more than evidence of character and conduct attacking the credibility of the witness, its admissibility would be governed by Evidence Rule 608. The distinction between evidence which shows motive and evidence which shows no more than character and conduct will often be difficult to draw. See *United States v. Lester, supra.* It is difficult to draw in this case. However, we do not base our decision on any blurring of the distinction. Our holding is based on the assumption that defendant's proffered evidence was in fact evidence of Duran's motive to testify falsely.

Defendant's tendered cross-examination of Duran was that she had been addicted to heroin in July, 1976, that she returned to New Mexico in early September, 1976, and that she denied using heroin from the time of her return through January, 1977. The tendered extrinsic evidence was that Duran sought to purchase heroin four times—in September, 1976, in the fall of 1976 and twice in January, 1977. Defendant asserts this tendered testimony would show that Duran was a heroin user who needed money to support her habit and turned defendant in for money.

■ Assuming, but not deciding, that defendant's contention had a sufficient factual basis in the tendered testimony, it was not error to exclude it. There was other evidence before the jury showing that money motivated Duran's report and testimony that defendant committed the crime. The killing was in July, 1975. Duran did not report the killing until seeing a newspaper article in October, 1976 which informed the reader that Crime Stoppers was offering a monetary reward in connection with the killing. Two to four days after the newspaper article appeared, Duran contacted Crime Stoppers. Duran testified that she telephoned because she wanted to "get into the Crime Stoppers program". Duran testi-

fied as to the monetary reward received and expected. Testimony as to Duran's purported heroin use would not have added to the testimony, already before the jury, that Duran was motivated by money. See *State v. Wesson,* 83 N.M. 480, 493 P.2d 965 (Ct.App.1972).

The trial court, in its discretion, could properly exclude the tendered testimony which was cumulative. *State v. Day, supra; State v. Brown,* 91 N.M. 320, 573 P.2d 675 (Ct.App.1977), affirmed, *Brown v. State,* 91 N.M. 349, 573 P.2d 1204 (1978); Evidence Rule 403.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY, J., specially concurring.

HERNANDEZ, J., specially concurring.

HENDLEY, Judge (specially concurring).

I concur in the opinion of Judge Wood but disagree with both Judge Wood and Judge Hernandez in their discussion of Rule 404(b).

Rule 404(b) refers to "the character of *a person.*" It is not limited to the accused. It would be in that situation where the admissibility of evidence would be challenged as being prejudicial. The situation would not necessarily arise in the case of a witness. A witness would be otherwise protected.

There is no question that extrinsic evidence is admissible to show the motive of a defendant. *State v. Hogervorst,* 90 N.M. 580, 566 P.2d 828 (Ct.App.1977). The Rules of Evidence do not contain any other section dealing with the motive of a witness to testify. Rule 404(b) is explicit when it refers to "a person."

To state that Rule 404(b) does not seem to explicitly grant such permission is an avoidance of the plain, unambiguous reading of the rule. To imply that we must rely on other authority outside the rules does not give recognition to the rule. Such is not or was not the philosophy in the adoption of the Rules of Evidence.

For the foregoing reasons, I must disagree with the reasoning of both Judge Wood and Judge Hernandez. There can be no other meaning of "a person." "[A] person" includes both the accused and a witness.

HERNANDEZ, Judge (specially concurring).

I concur with Judge Wood; however, I believe that some additional comments are called for concerning Evidence Rule 404(b), the last sentence of which reads as follows: "It [evidence of other crimes, wrongs, or acts] may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

In my opinion, this sentence does not apply to witnesses other than the accused and the victim in criminal cases and to the plaintiff and defendant in civil cases. It is readily apparent that this portion of the rule will have far greater application in criminal cases than in civil cases. Had the draftsman intended this sentence to apply to all witnesses, they probably would not have included "motive" and "intent". The motive or intent of a witness, other than one of the four just mentioned, introduced for any purpose other than impeachment, is usually irrelevant. If, for some reason, the crimes, wrongs, or acts, of a witness, other than the four mentioned above were relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, such evidence would be admissible under Evidence Rule 402 ("All relevant evidence is admissible . . ..."), and the last sentence of Rule 401(b) would be redundant in this regard. Evidence Rule 401:

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Evidence Rules 607, 608, 609, and 610, in a very detailed and orderly manner, govern the admission of evidence for the impeachment of witnesses. So that it would be illogical to have 401(b), almost as an aside, apply as well to the introduction of such evidence. "Impeachment" here means the methods or techniques for questioning the credibility of a witness.