654 P.2d 559

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ricky BALDIZAN, Defendant-Appellant.**

**No. 5611.**

Court of Appeals of New Mexico.

Sept. 21, 1982.

Rehearing Denied Oct. 8, 1982.

Certiorari Denied Nov. 18, 1982.

Michael R. Gernsheimer, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

Defendant was convicted of second degree murder. His appeal concerns the trial court's grant of the State's motion in limine, which forbade him from inquiring of the State's key witness, Leonard Gallegos, with regard to the witness's alleged participation in the notorious state penitentiary riots of 1980.

It was shown at the hearing on the motion that Gallegos voluntarily appeared and gave a statement to the police after he learned that his car had been identified at the scene of a stabbing murder. He admitted his presence, with others, and accused defendant of committing the crime. As a result of the information he gave, defendant was charged. We reverse.

The trial court was told that Gallegos was a former penitentiary inmate and had been under investigation regarding the penitentiary riots at the time he volunteered his statement implicating defendant and exculpating himself; that at the time the State filed its motion, Gallegos had been indicted on murder charges arising from the riots. Defense counsel argued at the hearing that Gallegos had a motive to lie because of the investigation and then-pending charges against himself, and the possibility of his own return to prison, and that defendant should be able to cross-examine on those matters to attack Gallegos's credibility. The State responded that since Gallegos was not under indictment when he went to the police and gave the statement against defendant, he had no purpose to lie at that time. Without presentation of any evidence relating to the witness's awareness of an investigation or pending charges against him, or his state of mind because of his own vulnerability to charges, the trial court granted the motion.

The State makes two responses to defendant's appeal: (1) defendant did not cite a correct rule of evidence to support his opposition to the State's motion, and (2) limitation of cross-examination is within the discretion of the trial court. Neither of those assertions adequately answers defendant's contention that he had a constitutional right to confront the witness against him and to test that witness's credibility by cross-examination that would show the witness's motive to testify falsely.

Appellant relies strongly on *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), to sustain his claim of reversible error. Green was a witness against Davis; he was also a possible accomplice or perpetrator of the crime charged against Davis. Just as in *Davis, supra,* evidence in this case would indicate that Gallegos, instead of—or in addition to—defendant, could have been charged as the murderer. In *Davis,* the trial court ordered that defendant could not inquire into Green's prior record and then-current probationary status during cross-examination. The Supreme Court reversed, declaring that cross-examination traditionally is permitted to test the believability of a witness and the truth of his testimony. At 415 U.S. 316, 94 S.Ct. 1110, the Court said:

> A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the wit-

ness and affecting the weight of his testimony." 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Greene v. McElroy,* 360 U.S. 474, 496 [79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377] (1959).

To deny that right of effective cross-examination was "constitutional error of the first magnitude" incurable by any amount of showing of lack of prejudice. *Id.* at 318, 94 S.Ct. at 1111. The State has not acknowledged, challenged, or distinguished the *Davis* decision, or any of its lineage, as they apply to this case.

 Denial of the accused's privilege of confronting a witness against him, in the discretion of the trial court, may not be an unconstitutional denial if the motive to falsify has already been presented by other means or other witnesses and the excluded cross-examination would do no more than develop cumulative evidence. *State v. Lovato,* 91 N.M. 712, 580 P.2d 138 (Ct.App. 1978). That was not the posture of this case at the time the motion in limine was heard and granted.

In *Lovato, supra,* a divided opinion, Chief Judge Wood recognized that the right to present evidence of a witness's motive to give false testimony is not necessarily governed by the rules of evidence but by the broader authority of case law not inconsistent with the rules. That perception agrees with the Supreme Court's analysis in *Davis, supra;* and despite two special concurrences in *Lovato, supra,* addressing the scope of the rules of evidence on cross-examination directed toward showing motive to lie, we are of the opinion that the comprehensiveness of cross-examination does not lie solely within the limitation of the rules. Compare N.M.R.Evid. 404(b), 607 and 609; and *State v. Coca,* 80 N.M. 95, 451 P.2d 999 (Ct.App. 1969), with *State v. Halsey,* 34 N.M. 223, 279 P. 945 (1929). The right to fully cross-examine, particularly when the evidence sought to be developed is such as would allow inferences of motive to lie because of the witness's vulnerable status as a parolee or a suspect, is protected by the federal and state constitutions. *Davis, supra; Greene v. McElroy,* 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959); *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). *Douglas v. Alabama,* 380 U.S. 415, 418, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), establishes that the Sixth Amendment confrontation clause secures "a primary interest * * * by * * * the right of cross-examination."

Several state and federal courts have considered the same question. *State v. Hector,* 19 Ohio St.2d 167, 249 N.E.2d 912, 918 (1969), specifically held that a witness might be asked if he was under indictment if that evidence "would reasonably tend to show that his testimony might be influenced by * * * a motive to testify falsely." To the same effect are the cases of *Randle v. State,* 565 S.W.2d 927 (Tex.Cr. App.1978), and *Commonwealth v. Hogan,* 379 Mass. 190, 396 N.E.2d 978 (1979). *Hart v. United States,* 565 F.2d 360 (5th Cir. 1978), exemplifies the distinction between the constraints of Evidence Rule 609 relating to examination regarding convictions, and the Sixth Amendment right of confrontation. The court there pointed out, at 565 F.2d 362, that "although the mere existence of an arrest is not admissible to impeach the credibility of a witness * * * arrests may be admissible to show that an informer might falsely testify * * * to put his own cases in the best light possible."

Under the circumstances and facts of this case, we hold that it was improper for the trial court to grant the State's motion to limit cross-examination of its principal witness against the defendant.

The conviction is reversed and the matter is remanded for a new trial.

WOOD and LOPEZ, JJ., concur.