617 P.2d 151

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Richard TAFOYA, Defendant–Appellant.**

No. 12689.

Supreme Court of New Mexico.

Sept. 23, 1980.

Martha A. Daly, Appellate Defender, Michael L. Dickman, Asst. Appellate Defender, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

SOSA, Chief Justice.

Defendant was convicted of five felonies arising from a single incident. He was sentenced to life imprisonment, and now appeals. The issues raised are whether the trial court erred in refusing to admit the testimony of an expert as to the credibility of the victims, and whether the prosecutor created an unfair trial by his final remarks. We affirm.

Defendant is a twenty–five year old with a history of alcohol abuse. He had been consuming alcoholic beverages on the day in question and in the evening was riding his bicycle on a neighborhood street. He recalls hearing someone yell to him as he rode–he then recalled laying on the ground being choked by someone. He did not remember the intervening events. Those events were testified to by the victims, two males, ages 13 and 11, and one female, age 11. Their testimony was that they yelled at defendant as he rode down the street, thinking he was someone else. Defendant returned, verbally abused the children, took some money from one of the boys, and took a watch from the other, all while threatening them with a chain. He then forced each of the children to perform oral sex upon him. The kids then realized the man had become unconscious, and left. The children's parents had been searching the neighborhood for them, and when they heard the story, one of the parents returned to find the defendant and apparently attempted to choke him.

The defendant argues that he was denied his right to present his defense because the court did not allow him to call Dr. Doris Sahd, a child psychologist, as a witness. She was to testify that the children had fantasized the incident because of their budding sexual awareness; that the children were motivated to lie because they were in trouble with their parents; that the methods of collecting the evidence in this case encouraged the lie; and that the children had persisted in their story for their own self–protection. Her testimony was to have been based upon statements and depositions of the children, as well as tapes of their trial testimony. She had never personally observed the demeanor of the children, nor questioned them herself.

The defendant contends that the trial court abused its discretion, because the evidence was clearly admissible, and supported his theory of the case.

The state contends that the trial court did not abuse its discretion, because it correctly determined that the prejudicial effect

would substantially outweigh the probative value. It is within the court's province, it is argued, to consider the reliability of expert testimony in determining its probative value.

 It is clear that a qualified psychologist can testify as an expert witness in New Mexico. N.M.R.Evid. 702, N.M.S.A. 1978; *State v. Padilla*, 66 N.M. 289, 347 P.2d 312 (1959). The Court may also allow expert witnesses to impeach the credibility of other witnesses. N.M.R.Evid. 608(a), N.M.S.A. 1978; *See United States v. Hiss*, 8 F.Supp. 559 (S.D.N.Y.1950), *aff'd*, 185 F.2d 822 (2d Cir. 1950), *cert. denied*, 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683 (1951). The determination of probative value and other relevant considerations however must be left to the sound discretion of the trial judge.

> The trial judge's discretion is necessarily broad for he sits in the arena of litigation. He knows from the pleadings the contentions of the parties, the direction which the case will take, and from his experience can predict, as the evidence unfolds before him, the problems with which the jury must wrestle. From his exposure to the peculiar circumstances of a particular case, he is best suited to answer Professor Wigmore's determinative question: "On *this subject* can a jury from *this person* receive appreciable help?" 7 Wigmore, Evidence 21 (3d ed. 1940).

*Bridger v. Union Railway Company*, 355 F.2d 382, 387 (6th Cir. 1966).

The trial court could properly determine that the probative value of the testimony was slight, based upon the lack of personal observation by Dr. Sahd. *See United States v. Rosenberg*, 108 F.Supp. 798 (S.D.N.Y. 1952), *aff'd* 200 F.2d 666 (2d Cir. 1952), *cert. denied*, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953); 3 J. Weinstein and M. Berger, *Weinstein's Evidence*, ¶ 607[04] (1978); Weihofen, *Testimonial Competence and Credibility*, 34 Geo.Wash.L. Rev. 53 (1965).

The defendant next claims that certain statements made by the prosecuting attorney in closing arguments constituted misconduct and denied him a fair trial. The statements complained of, however, were not objected to at trial. We have held in the past that unless a timely objection is made to the comment, the comment will not be reviewed. *State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311 (1980).

AFFIRMED.

PAYNE and FEDERICI, JJ., concur.