681 P.2d 1100

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Dan P. BLEA, Defendant-Appellant.**

No. 14559.

Supreme Court of New Mexico.

May 3, 1984.

**325**

Paul Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

FEDERICI, Chief Justice.

This is an appeal from the District Court of Bernalillo County. Dan P. Blea (defendant), appeals his convictions of first degree murder, aggravated battery with a firearm enhancement and aggravated assault with a firearm enhancement. We affirm.

Evidence was presented at trial which established that defendant was at the LU-LAC Club in Albuquerque most of the day of the shooting, January 26, 1980. He drank 10 to 20 shots of tequila and 15 to 20 beers. The bartender at the club on the date of the shooting, Patty Campos, testified that late in the evening defendant began to argue with the victim, George Almaraz. At some point in the argument defendant stood up, shot Almaraz, then turned and shot Campos. According to Campos, defendant then chased Almaraz from the club and shot him again in the alley. Defendant returned to the bar and shot Campos again. Defendant claims that he left the bar before any shooting took place and that Campos misidentified him as the assailant.

Defendant appeals his convictions on several grounds.

**Point I.**

Defendant's first contention is that the evidence presented at trial is insufficient to sustain a conviction of first degree murder. He argues that the prosecution did not meet its burden of proving the requisite intent of first degree murder because the State's primary witness testified that defendant had been drinking heavily, was involved in an argument with the victim and

acted mechanically in the shooting, and that these are facts which could reduce a charge of first degree murder to one of second degree murder.

■ In reviewing a question of sufficiency of evidence to support a criminal conviction, this Court does not weigh the evidence. That is within the province of the jury. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978). An appellate court must affirm the conviction if there is substantial evidence to support the jury in finding the defendant guilty beyond a reasonable doubt. *State v. Carter,* 93 N.M. 500, 601 P.2d 733 (Ct.App.), *cert. denied,* 93 N.M. 683, 604 P.2d 821 (1979). In this case, the jury was properly instructed and informed on the effects of alcohol on the first degree murder charge. NMSA 1978, UJI Crim. 41.10 (Repl.Pamp.1982). Concerning defendant's formation of the requisite intent for first degree murder, this Court has held that an accused may establish the requisite intent for first degree murder in a short period of time. *State v. Lucero,* 88 N.M. 441, 541 P.2d 430 (1975). We hold that the jury could reasonably infer deliberation and premeditation from the evidence presented to it at trial. *See State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979).

**Point II.**

Defendant next contends that he was deprived of his right to confrontation, U.S. Const. amend. VI, because the trial judge would not allow cross-examination of Campos on her prior addiction to heroin nor would the judge allow testimony of an expert witness on this issue.

■ The trial court excluded testimony of the expert witness on the grounds that the witness could not testify as to Campos' psychological condition with any degree of reasonable psychological or medical probability. Our rules specifically allow scientific evidence in the form of expert testimony when it "will assist the trier of fact to understand the evidence or to determine a fact in issue * * * *" NMSA 1978, Evid.R. 702 (Repl.Pamp.1983). Scien-

tific evidence may be a means of obtaining specific data or a means of evaluating the significance of data. C. McCormick, *McCormick's Handbook of the Law of Evidence* 488 (2d ed. 1972). When scientific evidence is employed as a means of obtaining data, the court must determine whether the scientific technique used is based on a well-recognized scientific principle or discovery and whether it is capable of supporting opinions based on a reasonable probability rather than conjecture. *See State v. Dorsey,* 88 N.M. 184, 539 P.2d 204 (1975); *State v. Beachum,* 97 N.M. 682, 643 P.2d 246 (Ct.App.1981), *cert. quashed,* 98 N.M. 51, 644 P.2d 1040 (1982); *accord Frye v. United States,* 293 F. 1013 (D.C.Cir. 1923). Once a scientific technique is accepted as reliable, the results reached through its application to any particular case must still be relevant in order to be admissible. NMSA 1978, Evid.R. 401, 402 (Repl.Pamp.1983); *State v. Guzman,* 23 SBB 126 (1984); *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977). Even if relevant, the scientific evidence may be excluded if the prejudicial effect of the evidence outweighs its probative value. NMSA 1978, Evid.R. 403 (Repl.Pamp.1983); *Simon Neustadt Family Center, Inc. v. Bludworth,* 97 N.M. 500, 641 P.2d 531 (Ct.App.1982). No error occurs when the judge excludes expert testimony where the probative value of that testimony is slight. *State v. Tafoya,* 94 N.M. 762, 617 P.2d 151 (1980).

■ In the present case, the trial court found that the expert had not applied any particular psychological test with regard to Campos, that the testimony was speculative, that the evidence would be highly prejudicial while having little probative value due to the lack of a clear connection between Campos' prior addiction and her present ability to recall, and that the evidence would not be helpful to the jury. Based on these findings, the court excluded the testimony of defendant's expert witness. It is within the sound discretion of the trial judge to determine whether expert testimony is relevant, and whether its probative value outweighs its prejudicial im-

pact. *Id.* Upon review of the record, we hold that the trial court did not abuse its discretion in excluding the testimony of defendant's expert witness.

■ Defendant admits that the evidence of Campos' prior addiction to heroin was relevant only insofar as it laid the foundation for the testimony of his expert. No such foundation was necessary once the testimony of the expert witness was properly excluded. Therefore, the trial court did not err in refusing to allow cross-examination of Campos on her prior addiction to heroin.

Finally, defendant contends that the trial court abused its discretion and violated defendant's right to confrontation, U.S.Const. amend. VI, when it refused to force Campos to testify as to her involvement in a previous bar-stabbing incident. Campos refused to testify on fifth amendment grounds, U.S.Const. amend. V. Defendant argues that this testimony was critical to the impeachment of the State's most important witness.

■ The facts in this case do not support defendant's contention that he was denied his right to confrontation. Defendant does not claim that the tendered cross-examination would establish that Campos had a motive to testify falsely. *See Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *State v. Baldizan,* 99 N.M. 106, 654 P.2d 559 (Ct.App.), *cert. denied,* 99 N.M. 148, 655 P.2d 160 (1982). Nor was the limitation placed on cross-examination so pervasive as to render Campos' testimony immune from the test of credibility. *Cf. State v. Curtis,* 87 N.M. 128, 529 P.2d 1249 (Ct.App.1974). Rather, the proposed cross-examination went only to one instance of prior conduct which had little, if any, probative value as to Campos' propensity to be truthful or untruthful.

■ Defendant maintains that his cross-examination was proper under NMSA 1978, Evid.Rule 608(b) (Repl.Pamp.1983), which reads, in pertinent part:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility * * * [may], *in the discretion of the court, if probative of truthfulness or untruthfulness,* be inquired into on cross-examination of the witness * * * *

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility. (Emphasis added).

Under this rule, it is within the discretion of the trial court to allow cross-examination into prior instances of conduct of a witness for the purpose of attacking the witness' credibility. Since this is a discretionary ruling, the appellate issue is whether the trial court abused its discretion. *State v. Cervantes,* 92 N.M. 643, 593 P.2d 478 (Ct. App.), *cert. denied,* 92 N.M. 621, 593 P.2d 62 (1979); *State v. Davis,* 92 N.M. 563, 591 P.2d 1160 (Ct.App.1979). We hold that the trial court did not abuse its discretion in refusing to allow the tendered cross-examination.

**Point III.**

Defendant's third claim of error is that the trial court should have permitted him to introduce evidence to establish that on one prior occasion Almaraz had pulled a gun on a bartender at another bar. Defendant maintains that the trial court effectively prevented him from presenting his defense to the jury. His defense was that he left the bar before the shooting and that Campos misidentified him. Defendant claims that the tendered evidence would suggest an alternative scenario as to how the shooting occurred by establishing Almaraz' reputation for pulling guns, by establishing that Almaraz was armed on the night of his death, and by raising the inference that Campos misidentified defendant as the assailant. Defendant asserts that the evidence was admissible under either NMSA 1978, Evid.Rule 404 or 405 (Repl.Pamp. 1983).

■ Defendant tendered evidence of a specific instance of conduct. As such, it was not admissible under Rule 404 to prove

the character of the victim. *State v. Montoya*, 95 N.M. 433, 622 P.2d 1053 (Ct.App.), *cert. quashed*, 95 N.M. 426, 622 P.2d 1046 (1981). Defendant's contention, that for purposes of establishing identity the evidence fits the "other purposes" exception in Rule 404(b), is tenuous at best. No question arose as to the victim's identity. Almaraz' prior act was also not probative of the identity of his assailant. It was therefore a collateral issue, exclusion of which was within the trial court's discretion. *See State v. Ewing*, 97 N.M. 235, 638 P.2d 1080 (1982); *State v. McCarter*, 93 N.M. 708, 604 P.2d 1242 (1980).

The evidence was not admissible under Rule 405 for similar reasons. Rule 405 allows admission of prior specific instances of conduct only where "character or a trait of character of a person is an *essential* element of a charge, claim or defense * * * *" NMSA 1978, Evid.R. 405(b) (Repl.Pamp.1983) (emphasis added).

 We agree with the defendant that this rule is not limited solely to situations in which self defense is claimed. *Cf. State v. Bazan*, 90 N.M. 209, 561 P.2d 482 (Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977) (court held that absent a claim of self defense *under the facts presented in that case*, asserted character traits were not essential elements of the defense). In this case, however, the fact that the victim, Almaraz, had previously pulled a gun in another bar had no bearing on defendant's claim that he was not in the bar at the time of the shooting, nor did it relate to Campos' identification of defendant as Almaraz' assailant. It was therefore within the trial court's discretion to exclude the tendered evidence under Rule 405. *See State v. Alderette*, 86 N.M. 600, 526 P.2d 194 (Ct.App.), *cert. denied*, 86 N.M. 593, 526 P.2d 187 (1974). To the extent the trial court believed the tendered evidence was admissible under Rule 405, the court did not abuse its discretion by excluding the evidence under NMSA 1978, Evid.Rules 402 and 403 (Repl.Pamp.1983). *State v. Herrera*, 92 N.M. 7, 582 P.2d 384 (Ct.App.), *cert. denied*, 91 N.M. 751, 580 P.2d 972 (1978).

## Point IV.

 Defendant claims that the court erred in advising a defense witness that he could be subject to prosecution for testimony he made which was outside the limits of a grant of use immunity given to the witness by the court. We find no merit in this argument. The witness did testify in defendant's behalf and his testimony before the jury was substantially the same as that offered by the witness on voir dire prior to the court's statements to him. The statements of the trial judge were not improper. Defendant's case was not prejudiced as no intimidation of the witness was intended, nor did any occur. *State v. Martinez*, 99 N.M. 48, 653 P.2d 879 (Ct.App.), *cert. denied*, 99 N.M. 47, 653 P.2d 878 (1982).

## Point V.

 Defendant contends that the trial court erred in failing to give the appropriate instruction for second degree murder. The defendant made no objection at trial to the instruction for second degree murder given by the court. The issue was therefore not properly preserved for appeal. NMSA 1978, Crim., Child.Ct., Dom. Rel. and W/C App.R. 308 (Repl.Pamp. 1983); *State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977). No fundamental right of the accused was violated by the instructions given. *Cf. Jackson v. State*, 100 N.M. 487, 672 P.2d 660 (1983) (fundamental error found where trial court gave instructions which did not contain necessary elements of the crime and differed substantially from current uniform jury instructions).

## Point VI.

 Defendant contends that at the time of trial he was suffering greatly from a leg injury and that the pain kept him from providing effective assistance to his counsel at trial. The record shows that defendant was given medical treatment at the time of trial, and when questioned by

the court as to whether his treatment was satisfactory defendant answered that it was. Defendant made no further reference to continuing problems until after the trial was over. He cannot now take advantage of his own nondisclosure to the trial court. *Cf. State v. Lord*, 91 N.M. 353, 573 P.2d 1208 (Ct.App.1977), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978) (no basis for additional sentencing hearing where defendant attempted to take advantage of his own nondisclosure of plea bargain).

**Point VII.**

 Defendant finally contends that all errors considered cumulatively constitute an infringement on his right to a fair trial. *State v. Vallejos*, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974). We have reviewed the record and the defendant's argument of errors and points relied upon in this appeal and conclude that there was no error and therefore no accumulation of irregularities or errors which denied defendant his constitutional right to a fair trial.

The judgment and sentence of the trial court are affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, STOWERS and WALTERS, JJ., concur.