724 P.2d 246

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Kenneth Wayne NOLAND,**
**Defendant-Appellant.**

**No. 9030.**

Court of Appeals of New Mexico.

July 10, 1986.

Certiorari Denied Aug. 20, 1986.

Paul G. Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Asenath M. Kepler, Rubin, Katz & Kepler, Santa Fe, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant, convicted of aggravated burglary, criminal sexual penetration in the second degree and kidnaping, appeals from a trial court ruling which prohibited him from explaining the facts underlying a prior conviction for commercial burglary. On appeal, the sole issue raised is whether the trial court abused its discretion in making its ruling. Finding no abuse of discretion, we affirm.

**FACTS**

Since the issue raised by defendant concerns an evidentiary ruling by the trial court, it will not be necessary to discuss the facts of the criminal activity giving rise to defendant's convictions. Our discussion will be limited to those facts surrounding the challenged evidentiary ruling.

At trial, defendant testified on his own behalf, and his appeal arises from the following exchange:

DEFENSE COUNSEL: Mr. Noland, have you ever been convicted of a crime?

DEFENDANT: Yes, I have.

DEFENSE COUNSEL: Okay, and what was it that you were convicted of, Mr. Noland?

DEFENDANT: It was commercial burglary.

DEFENSE COUNSEL: And when did that occur?

DEFENDANT: That happened in 1982.

DEFENSE COUNSEL: Okay. Well, tell these ladies and gentlemen what you did, Mr. Noland.

DEFENDANT: Well—

PROSECUTOR: Objection, Your Honor, irrelevant and outside the scope of the rule.

JUDGE: Sustained.

DEFENSE COUNSEL: May we approach the bench, Your Honor?

(Permission apparently granted. The bench conference exchange follows.)

DEFENSE COUNSEL: I think that the only thing that the prosecutor can argue in proportionment to the rule is that we talk about this for the purposes of whether Mr. Noland tells the truth when he took the stand, and for that reason, I think, something about what he did or the facts and circumstances of the crime would allow the jury to tell because it's the defendant's position that the nature of the crime Mr. Noland committed is not one that wouldn't bear on his—uh—not one that would bear—what he's going to testify to. Briefly, I believe, it's that he broke into a bakery to steal food. I think that I ought to be allowed—

JUDGE: Just the fact of the conviction—that's the only thing that bears on it.

PROSECUTOR: I think, according to the rule, Judge, the name of the crime and the date of the conviction. That's all.

JUDGE: (garbled) * * * What you're attempting to explain away, that is, beyond the scope of what the (garbled) * * *.

PROSECUTOR: Thank you, Judge.

**DISCUSSION:**

Defendant argues that evidence on the facts underlying his prior conviction was admissible under NMSA 1978, Evid.Rule 609 (Repl.Pamp.1983). The state argues that Rule 609 is inapplicable. The inquiry made by defense counsel was made for the purpose of bolstering defendant's credibility. The rule deals with attacks on credibility. It simply does not deal with the situation at hand, where defendant is introducing evidence on a past conviction. The rule contains the test to be applied when defendant attempts to keep evidence out. If defendant wishes to put the evidence in, it must be measured, like all other evidence, against a relevancy standard. A Rule 609 inquiry is irrelevant to the determination of this issue and there is no New Mexico case like this decided on the basis of Rule 609.

There are three old cases which deal with the issue: *Territory v. Garcia*, 15 N.M. 538, 110 P. 838 (1910) (decided on the basis of Section 3025, Comp.Laws 1897); *State v. Conwell*, 36 N.M. 253, 13 P.2d 554 (1932) (decided on the basis of 1929 N.M.Comp. Stat., § 45–606); and *State v. Coca*, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969) (decided on the basis of 1953 Comp., § 20–2–3). The statutes mentioned were identical, and allowed the state to prove a prior conviction by using a certificate of conviction signed by the clerk of the district court.

In *Garcia*, the court held that a witness may not explain circumstances of his prior conviction in order to bolster his credibility. The court found that to allow such an explanation would lead to a retrial of the prior case, and refused to allow it under Section 3025, Comp.Laws 1897.

In *Conwell* and *Coca*, the courts refused to allow the prosecution to impeach witnesses by examining them on the details of their prior convictions. In *Conwell*, the court found that such an examination was prejudicial to the accused, contrary to statute (1929 Comp., Section 45–606), and contrary to the holding in *State v. Roybal*, 33 N.M. 540, 273 P.2d 919 (1928) (cross-examination limited to the simple fact of the witness' prior conviction). In *Coca*, this court held that "on cross-examination the State may go no farther than to show the conviction of the witness and the name of the particular felony or misdemeanor of which he had been convicted." 80 N.M. at 97, 451 P.2d at 1001. The cases show that neither side was given leave to explain away or delve into the details of a prior conviction.

The reason for this is that such an explanation may be, and most likely is, irrelevant or immaterial to the proceedings at hand. The same is true in the case at bar. Although it might seem more complicated, this case boils down to a relevancy determination under Rule 401. *See People v. Hardy*, 677 P.2d 429 (Colo.App.1983) (examination into details of prior conviction is discretionary with trial court provided details are relevant); and *State v. Anderson*, 440 So.2d 205 (La.App.1983) (questioning on details of prior conviction must not be irrelevant). The issue then becomes: Was an explanation of defendant's prior conviction relevant to his credibility or to the charges for which he was being tried?

NMSA 1978, Evid.Rule 401 (Repl.Pamp. 1983) provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevancy must be determined on a case-by-case basis. *Ohlson v. Kent Nowlin Construction Co.*, 99 N.M. 539, 660 P.2d 1021 (Ct.App.1983). In this case, defendant's prior conviction was a fact of consequence going to his credibility. The prior conviction was not, however, made more or less probable by defendant's explanation. In this case, it was an incident in his life not open to doubt. Defendant's explanation in this case was, therefore, irrelevant under Rule 401.

An explanation of the prior crime was totally irrelevant to the crime for which defendant was being tried. The fact that defendant had purportedly only stolen food before does not make it more or less likely that he allegedly stole money or committed

**540**

the rape on the occasion in issue. *See Ohlson* (the fact that defendant damaged gas lines while doing work for other customers does not make it more likely that defendant damaged plaintiff's gas line).

The trial court did not abuse its discretion in refusing this evidence because it was irrelevant. Although such evidence could be relevant under different circumstances, it is not in this case. Since irrelevant evidence is inadmissible, NMSA 1978, Evid.Rule 402 (Repl.Pamp.1983); *State v. Blea*, 101 N.M. 323, 681 P.2d 1100 (1984), the trial court acted properly in excluding this testimony.

Defendant's convictions, judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY, C.J., and FRUMAN, J., concur.