This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                     **NO. 28,014**

**ANTJUAN MCGHEE,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles C. Currier, District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

     Defendant Antjuan McGhee appeals from the district court's judgment, sentence and commitment. He was convicted after a jury trial of (1) attempt to

commit a violent felony—first degree murder, with a firearm enhancement; (2) robbery, with a firearm enhancement; (3) conspiracy to commit first degree murder; and (4) possession of a firearm by a felon. He contends on appeal that the evidence at trial was insufficient to support his convictions of attempt to commit first degree murder, robbery, and conspiracy to commit first degree murder. We affirm.

**STANDARD OF REVIEW**

> Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary. Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts.

*State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (citations omitted). Applying this standard of review, we address Defendant's arguments by stating the evidence that supports the jury's verdict.

**TESTIMONY OF JAMES HILL**

James Hill testified at trial to the events that occurred. He went to the apartment of his friend, Cassandra Luna, to look at a TV that was for sale. Defendant was at the apartment when he arrived. Defendant took Hill to another apartment to see the TV. In that apartment, four girls were sitting on a couch and a heavy set man wearing a dark "hoodie" over his head was across the room. Defendant escorted Hill to another room, and when Hill observed that there was no TV in that room, he turned

and saw the man wearing the hoodie pointing a gun at his head demanding his wallet. The man wearing the hoodie punched Hill more than once, and said, "[h]urry up, I'm not kidding." Hill charged at the man wearing the hoodie, and in the ensuing scuffle, they fell to the ground. While on the ground, one of the girls from the couch attempted to reach into Hill's back pocket, and he kicked her aside. The man wearing the black hoodie passed the gun to Defendant and told him to "[q]uit fucking around. Shoot him." A brief pause ensued, followed by another order to "fucking shoot him." Defendant shot at Hill, and he moved his head such that the bullet grazed the side of his head. Hill then removed his wallet from his pants, gave it to Defendant, and left the apartment.

**ATTEMPT TO COMMIT FIRST DEGREE MURDER**

The jury received two instructions containing the elements of attempted first degree murder. The first instruction required the State to prove beyond a reasonable doubt that:

1. The defendant intended to commit the crime of murder;

2. The defendant began to do an act which constituted a substantial part of the murder but failed to commit the murder;

3. This happened in New Mexico on or about the 27th day of October, 2006.

The second instruction concerned the element of deliberate killing and required

3

the State to prove beyond a reasonable doubt that:

> 1. The defendant killed James Hill;
>
> 2. The killing was with deliberate intention to take away the life of James Hill;
>
> 3. This happened in New Mexico on or about the 27th day of October, 2006.

The district court further defined for the jury the meaning of the second element of this instruction.

> A deliberate intention refers to the state of mind of the defendant. A deliberate intention may be inferred from all of the facts and circumstances of the killing. The word deliberated means arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action. A calculated judgment and decision may be arrived at in a short period of time. A mere unconsidered and rash impulse, even though it includes an intent to kill, is not a deliberate intention to kill. To constitute a deliberate killing, the slayer must weigh and consider the question of killing and his reasons for and against such choice.

Defendant does not contend that these instructions were an incorrect statement of the law. He argues that there was insufficient evidence of his "'willful, deliberate and premeditated' intention to kill James Hill." He points to the lack of physical evidence and testimony of persons present and notes the testimony of Detective Lisa Brackeen that she did not believe that there was a "planned event" but rather "more of a spur of the moment response to the fight." Yet, as Defendant acknowledges, even in the absence of direct evidence, circumstantial evidence can be sufficient to support

4

a finding of intent. *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495 (recognizing that "[i]ntent can rarely be proved directly and often is proved by circumstantial evidence").

As stated in the jury instructions, the jury had the obligation to determine whether Defendant "weigh[ed] and consider[ed] the question of killing" or, to reach the opposite conclusion, acted in an "unconsidered and rash impulse." It had before it evidence that the man wearing the hoodie told Defendant to "[q]uit fucking around. Shoot him." This was followed by a similar order to "fucking shoot him." The jury could have reasonably concluded that during the gap in time, Defendant weighed and considered whether to shoot and deliberately concluded to do so. A deliberate intent may be formed within a short period of time. *State v. Blea*, 101 N.M. 323, 326, 681 P.2d 1100, 1103 (1984); *State v. Lucero*, 88 N.M. 441, 443, 541 P.2d 430, 432 (1975). Defendant's shooting at Hill's head from short range was additional evidence that he intended to kill Hill.

Detective Brackeen's testimony does not detract from this conclusion. Even if it can be interpreted to mean that Defendant's actions were not weighed and considered, the jury was not obligated to credit her testimony. *See State v. Salazar*, 1997-NMSC-044, ¶ 44, 123 N.M. 778, 945 P.2d 996 ("The fact finder may reject a defendant's version of the facts." (internal quotation marks and citation omitted)). There was substantial evidence supporting the jury's verdict of attempt to commit first

degree murder.

**ROBBERY**

The jury instruction for the robbery charge required the jury to find beyond a reasonable doubt that:

1.    The defendant took and carried away a wallet from James Hill or from his immediate control intending to permanently deprive James Hill of the wallet;

2.    The defendant was armed with a firearm;

3.    The defendant took the wallet by force;

4.    This happened in New Mexico on or about the 27th day of October, 2006.

Defendant does not argue that the evidence does not support the first, second, and fourth elements of this instruction.

Defendant contends that the third element was not met because he did not exercise the force or threat of force that was the "lever" that separated the wallet from Hill. *See State v. Lewis*, 116 N.M. 849, 851, 867 P.2d 1231, 1233 (Ct. App. 1993) (stating that, in order to convict for the offense of robbery, "the use or threatened use of force must be the factor by which the property is removed from the victim's possession"). Defendant argues that he did not demand Hill's wallet, that the man wearing the hoodie did not tell him to rob Hill but to shoot him, and that "the impetus of the gun was too attenuated to support the charge of robbery."

However, in considering Defendant's sufficiency of the evidence argument, we "indulge all reasonable inferences in support of the verdict." *Rojo*, 1999-NMSC-001, ¶ 19. It was reasonable for the jury to conclude that the events were related and that the demand of Hill's wallet by the man wearing the hoodie, the passing of the gun to Defendant, and the demand that Defendant shoot Hill were related to Defendant's use of force by shooting Hill. It was also reasonable for the jury to conclude that Defendant's use of the gun contributed to Hill's giving Defendant possession of his wallet. There was sufficient evidence to support the robbery conviction.

**CONSPIRACY TO COMMIT FIRST DEGREE MURDER**

The jury instruction for conspiracy to commit murder required the jury to find that:

1. The defendant and another person by words or acts agreed together to commit murder;

2. The defendant and the other person intended to commit murder;

3. This happened in New Mexico on or about the 27th day of October, 2006.

Defendant does not challenge that the instruction properly stated the law relevant to the charge. He argues that "there was no evidence that . . . Defendant and the hooded person acted in concert in committing the attempted murder of James Hill." Specifically, he argues that the man with the hoodie told Defendant to "shoot"

7

rather than "kill" Hill.

However, Defendant acknowledges that "[a] mutually implied understanding is sufficient" to support a conspiracy. *State v. Armijo*, 90 N.M. 12, 14, 558 P.2d 1151, 1153 (Ct. App. 1976) (internal quotation marks and citation omitted). The common design required "is generally a matter of inference deduced from the facts and circumstances, and from the acts of the person accused." *Id.* (internal quotation marks and citation omitted).

There was evidence that the man wearing the hoodie passed Defendant a gun and told him to shoot Hill. Defendant paused and, when told again, shot at Hill's head from close range. When we view this evidence in the light most favorable to the jury's verdict, *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994), there was sufficient evidence from which the jury could have reasonably concluded that Defendant and the man wearing the hoodie had a mutually implied understanding that Defendant was to shoot to kill Hill. The fact that the man wearing the hoodie said "shoot" instead of "kill" is not determinative as Defendant argues. Given the circumstances of Defendant's close proximity to Hill when the man wearing the hoodie passed Defendant the gun, it was reasonable for the jury to conclude that the intent was to shoot to kill.

**CONCLUSION**

We affirm Defendant's convictions.

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**